## Fiscal Court of Magoffin County et al. v. Gardner.

September 27, 1946.

A. H. Adams for appellants.

R. L. Gardner for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The judgment is remarkable in granting relief neither sought by the plaintiff nor supported by the record.

The plaintiff, R. L. Gardner, alleged that he owned six warrants of Magoffin County, aggregating $5,271.09, which had been issued to the Salyersville National Bank for its convenience in lieu of numerous warrants of smaller denominations; that in "1944, by a funding operation conducted by the Fiscal Court a certain portion was paid" on the warrants and the amount owing on all of them was $1,731.17 with interest from July 1, 1942. Twelve warrants aggregating that amount are listed as having been originally issued and covered by the unpaid balance of the substituted warrants held by the plaintiff. His prayer was for a judgment against the county for that sum and a writ of mandamus commanding the Fiscal Court and the Budget Commission to budget the amount necessary to liquidate the warrants. An amended petition set up the plaintiff's ownership of seven additional warrants, each for a certain sum, in the aggregate of $1,203.45, which he had acquired by assignment since the filing of his petition. He alleged, "Portion of the last group of warrants have been paid by the funding operations of Magoffin Fiscal Court except the sum of ——." The prayer of the amended petition was for "the additional sum of $——." In neither the original or amended petition were the terms of the obligations set up nor the warrants filed. There is no allegation of any indebtedness of the county to plaintiff or any promise on its part to pay any sum.

The answer admitted the execution of the warrants described and denied "all other allegations." An amended answer contained an implication or hint that the original warrants described were issued in excess of the revenues for the years in which they were issued. It denied that any of the warrants or claims were for gov-

ernmental expenses and added, "and can not be legally included in the budget for the fiscal year 1946-1947 or paid out of the revenue of said county until after all the governmental expenses of the county is fully liquidated, then if there remain a surplus, the claims of the plaintiff may be liquidated." It was stated, "It is impossible for the defendants to ascertain whether or not said smaller warrants were issued for governmental purposes." The defendants pleaded that all of the claims of the plaintiff had been submitted by him to the State Local Finance Officer for refunding and had been rejected on the ground that they were not issued for constitutional governmental purposes. They alleged that they "are not subject to be paid out of the revenue appropriated or budgeted for constitutional governmental purposes."

Upon these pleadings and with nothing else in the record, judgment was rendered against the county for $1,731.17, with interest, as prayed in the original petition, and $1,021, with interest, as representing the unpaid balance of warrants described in the amended petition. The blanks in that pleading had not been filled and there is absolutely nothing in the record to show where this sum came from. The judgment also ordered the Budget Commission to provide in its next annual budget for the payment of $500 on the warrants "after payment of governmental expenses." The Fiscal Court was directed to cancel all of the warrants and to issue to the plaintiff new warrants for the principal sum and accrued interest. It was further adjudged that all of the warrants constituted a legal indebtedness of Magoffin County.

Although the answers admitted the execution of the warrants, they contained a traverse of all other allegations. As indicated, the defendants seem to have relied upon the invalidity of the claims because they were incurred in violation of Section 157 of the Constitution, but the plea was wholly insufficient. Much is made in the appellants' brief of the claim that these warrants had been rejected by the State Local Finance Officer and also because no appeal was taken from his finding. It is pleaded in the brief that the plaintiff's assignor, the bank, had notice of the hearing in the matter of refunding the floating debt of the county and did not re-

spond. Quotations are given from his finding and we are asked to go get his report and consider it on the appeal. We respectfully decline. On the other hand, the appellee also quotes from that report to show that that officer did not declare the warrants illegal but only that they had not been proved to be legal. He tells us that the circuit judge had once been a member of the County Budget Commission and was familiar with the warrants and the situation so the judgment should be affirmed.

The action of the State Local Finance Officer does not seem to have any place in this case. KRS 66.310. The demurrer to the petition as amended should have been sustained. In any event, the allegations which may have given the plaintiff the right to recover stood traversed, as we have said. It was alleged that nothing was due on the second group of warrants and no sum of money was prayed. The answer was not a sufficient pleading of the illegality of the warrants. The burden was upon the county to plead and establish illegality, if it could, upon the ground that the obligations exceeded the revenues when first created. City of Jackson v. First National Bank of Jackson, 289 Ky. 1, 157 S. W. 2d 321, 327.

The judgment is reversed that the parties, if they desire, may reform their pleadings and pursue a consistent practice.

Judgment reversed.