## Magoffin Fiscal Court et al. v. Gardner.

October 8, 1948.

A. H. Adams for appellants.
Gardner & Gardner for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
Affirming.

This is a second appeal of this case, the former opinion is reported in 302 Ky. 826, 827, 196 S. W. 2d 597, 598. As the warrants owned by appellee upon which he sought recovery from the County are described in the former opinion, it will not be necessary again to set them out. It will suffice to say that they aggregate $3,684.59 for which sum judgment was rendered in favor of appellee with interest from June 1, 1947, and the County appeals.

In reversing the first judgment we said in the opinion that the demurrer to the petition as amended should have been sustained because blanks were left in the pleadings relative to the amount sought to be recovered, and the terms of the obligations were not set out, nor were the warrants upon which the suit was based filed with the petition and there was no allegation of any indebtedness of the County to the appellee or any promise upon its part to pay any sum. The former opinion also called to the County's attention that its answer merely pleading the invalidity of the claims as being in violation of sec. 157 of our Constitution was wholly insufficient, and "the burden was upon the county to plead and establish illegality, if it could, upon the ground that the obligations exceeded the revenues when first created. City of Jackson v. First National Bank of Jackson, 289 Ky. 1, 157 S. W. 2d 321, 327."

On the first appeal the County put much reliance in the fact that the State Local Finance Officer had rejected these warrants. In that opinion we directed the County's attention to the fact that the action of this official had no place in this case.

When the case was returned to the circuit court appellee filed a second amended petition wherein he corrected the defects in his original pleadings which we pointed out in the former opinion. But the County turned a deaf ear to what we there said and instead of pleading in its answer to the second amended petition that the obligations exceeded the County's revenue for the year when the obligations were first created, contented itself with averring that "said warrants * * * were authorized to be issued by the then Fiscal Court

in excess of the revenue for the years during which issued * * * in defiance of sec. 157 of the Kentucky Constitution and therefore by its terms utterly void." The County further pleaded that no interest had been paid on certain of the warrants and they were barred by the statute of limitations. This was denied and as the warrants filed as exhibits in the second amended petition show interest payments within due time and as there is no proof in the record as to these interest payments, the question of limitation vanishes.

Had the attorney representing the County taken the trouble to read our former opinion or the Jackson case, 289 Ky. 1, 157 S. W. 2d 321, he would have observed that it was necessary for him to plead and establish the illegality of the bonds upon the ground that they exceeded the revenues when first issued. This excerpt is lifted from the Jackson opinion, 157 S. W. 2d at page 329:

"We find, however, that paragraph 2 of the answer and counterclaim, which was responsive to paragraph 2 of the petition in which the cause of action on these warrants was set out, did not plead that at the time the warrants were issued the income and revenue for the year had been exceeded. The warrants on their face imported a prima facie indebtedness of the City, the presumption being that the officers in issuing the warrants performed their duty and the burden of proof to show the illegality thereof was upon the party alleging that the indebtedness was illegal."

The very next paragraph in the Jackson opinion reads:

"It is pointed out by the City that for the years 1935, 1936 and 1937 the total revenue of the City was only $31,916.71 and that during the same period warrants aggregating $46,885.98 were issued, an excess of expenditures over receipts to the extent of $14,969.37. This, however, was in no way sufficient to establish the invalidity of any particular warrant. To show that any particular warrant was invalid it was incumbent on the City to plead and prove that at the time the indebtedness evidenced thereby was created the City had already expended or contracted to expend all revenue provided for that year. Waddle v. City of Somerset,

281 Ky. 30, 134 S. W. 2d 956. And after a valid debt is created it may not be invalidated by the incurring of other non-governmental debts and the expenditure of the year's revenue in payment thereof. Payne v. City of Covington, 276 Ky. 380, 123 S. W. 2d 1045, 122 A. L. R. 321.''

It is apparent that the County's answer to the second amended petition did not state a good defense and it appears this pleading was practically the same as the one criticized in the first opinion. As further evidence that the attorney representing the County paid but scant attention to our first opinion, he was content to prove only that the County's expenditures for the years in question exceeded the revenues, but no effort was made to prove that such expenditures had exceeded receipts at the times the obligations sued on were issued. Even had this proof properly shown the expenditures exceeded the warrants at the time the latter were issued, it would have availed the County nothing because its pleadings were not sufficient upon which such proof could have been based. Pleading and proof are complementary and neither is availing without the other. Cassin v. Ewald, 271 Ky. 595, 112 S. W. 2d 1000. We only refer to this insufficient proof without sufficient pleading to strengthen our statement that the County utterly ignored our former opinion.

The judgment is affirmed.