## Gardner v. Magoffin County et al.

April 26, 1949.

Gardner & Gardner for appellant.

A. H. Adams for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellant is the owner of certain warrants issued by Magoffin County and validated by this Court in the case of Magoffin Fiscal Court v. Gardner, 308 Ky. 220, 214 S.W.2d 100. Although Magoffin County has for many years imposed the maximum levy, as authorized under Section 157 of the Constitution, there are at present no funds out of which to pay this obligation or any part thereof.

Confronted with this situation, the appellant brought this action for a writ of mandamus to compel the county to make a special levy of a sufficient amount to pay this obligation. From the ruling of the court below that such a levy is prohibited by Section 157 of the Constitution, this appeal follows.

While it is true that Section 157 limits the levy of a county to 50 cents on the $100 assessed valuation, Section 159 requires a county to provide for the collection of a tax sufficient to retire an authorized indebtedness. A resume of the judicial interpretations placed on these sections of the Constitution is to be found in the case of Griffin v. Clay County, 304 Ky. 592, 201 S.W.2d 733. In

that case it was held that a debt validated by a decision of this Court was a debt which the county was authorized to contract within the meaning of Section 159, and that, in the absence of funds with which to pay the debt, the county could be required to levy a sufficient tax to do so even though such levy would exceed that authorized by Section 157. Thus the identical question now before us was decided adversely to the contention of the appellee. Convinced as we are of the correctness of that decision, it must control here.

For the reasons stated, the judgment is reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.